UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WYLIE G. MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAKIMA COUNTY AUDITOR CORKIE MATTINGLY, RON ZIRKLE PROSECUTING ATTORNEY, CITY OF YAKIMA et al., CITY OF SELAH et al., and YAKIMA HERALD REPUBLIC,<br><br>　　　　　Defendants. | NO. CV-05-3085-EFS<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION** |

　　　On September 13, 2005, the Court entered an Order Requiring Plaintiff to File an Amended Complaint Complying with Federal Rule of Civil Procedure 8(a). (Ct. Rec. 11.)  Thereafter, on September 22, 2005, Plaintiff filed a seconded amended complaint (Ct. Rec. 14).  This complaint is largely similar to the September 7, 2005, complaint (Ct. Rec. 10) and does not remedy the failure to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" FED. R. CIV. P. 8(a)(1).  Thereupon, the Court issued another Order requiring Plaintiff to file an amended complaint over which the Court would have jurisdiction and cautioning Plaintiff that failure to do so

ORDER ~ 1

would result in dismissal of the lawsuit.  (Ct. Rec. 23.)  Plaintiff filed a third amended complaint on October 24, 2005. (Ct. Rec. 25.)

In the third amended complaint, Plaintiff apparently contends he need not provide "a short and plain statement on the grounds upon which the court's jurisdiction depends," FED. R. CIV. P. 8(a)(1), relying on the following "exception" clause of this section "unless the court already has jurisdiction and the claims need no new grounds of jurisdiction to support it."  Plaintiff states "[t]he court has, and has always had Jurisdiction."  (Ct. Rec. 25 at 2.)  However, the Court has issued two orders advising Plaintiff the Court did not have jurisdiction and requiring Plaintiff to establish under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction) that the Court has jurisdiction; thus, the Rule 8(a)(1) exception clause is inapplicable.[1] The third amended complaint does not cite to a federal statute or identify the citizenship of Defendants as a state other than Washington. Accordingly, the Court concludes it does not have jurisdiction based either on a federal question or diversity of citizenship.  **THEREFORE, IT IS HEREBY ORDERED**: Plaintiff's third amended complaint **(Ct. Rec. 25.)**, filed on October 24, 2005, is **DISMISSED**.  Judgment should be **entered without prejudice** against Plaintiff and this case shall be **closed.**

---

[1] An example of when Rule 8(a)(1)'s exception clause would apply is if the Court had previously found that it had jurisdiction and then Plaintiff filed an amended complaint adding a new claim and the claim needed no new grounds of jurisdiction to support it.

ORDER ~ 2

1  **Plaintiff shall file no further filings, including any request for**
2  **reconsideration, in this matter.**
3     **IT IS SO ORDERED.**  The District Court Executive is directed to
4     (A)  Enter this Order;
5     (B)  Provide a copy to the Plaintiff.
6     **DATED** this ___27th___ day of October, 2005.
7
8                           S/ Edward F. Shea
                            EDWARD F. SHEA
9                     United States District Judge
10
Q:\Civil\2005\3085.dism.wpd
11

ORDER ~ 3